Cowin, J.
BACKGROUND
Defendant Jeffrey Myrick has been indicted for assault with intent to murder, possession of a dangerous weapon and armed robbery. These charges arise from an incident that occurred on January 26, 1997 when the victim, one Aradia Párente, was found seriously injured on the ground next to an outdoor garage. The Commonwealth claims that the victim was pushed off the fifth floor roof of the garage by the defendant (her boyfriend) after she refused to give him money. The defendant maintains that the young woman jumped from the garage roof in a suicide attempt because the defendant was breaking off their romantic relationship.
The matter is presently before the Court in connection with a Stage 4 Bishop hearing, see Commonwealth v. Bishop, 416 Mass. 169, 182-83 (1993), whereby the defendant seeks “disclosure to the trier of fact” of certain records of Ms. Párente. The records in question involve Ms. Parente’s hospitalizations at Charles River Hospital (including the records of “Advocates”) from January 19, 1995 to about February 22, 1995 (the 1995 records) and of her evaluation at Lexington Neuropsychology and Wayside Youth And Family Support Network in May 1996 (the 1996 records). Defendant desires to elicit testimony from witnesses who treated and evaluated Ms. Párente on these occasions and he seeks to introduce some of these records at trial.[1] For the reasons stated below, the defendant’s motion is allowed.
The 1995 records concern an admission for depression and suicidal ideation. The 1996 records are an assessment for possible depression or sexual abuse. The 1995 records refer repeatedly to Ms. Parente’s expression of SI (suicidal ideation). The 1996 records assess her as “at risk for clinical depression.” The examining physician in the 1996 records noted that Ms. Párente was “doing as well as can be expected given her situation. If something else goes wrong for her in the future (problems with her relationship with her boyfriend [the defendant], for example) she may need additional help such as medication or even hospitalization.”
The Commonwealth argues that the records are inadmissible “propensity” evidence, see Commonwealth v. Mandell, 29 Mass.App. 504, 507 (1990), and that the fact that Ms. Párente contemplated suicide in 1995 does not indicate that she attempted suicide on January 26, 1997. Moreover, the Commonwealth contends that the evidence is too remote. Cf. Commonwealth v. Trefethen, 157 Mass. 180, 181 (1892) (evidence admissible that victim spoke of suicide on the day prior to the incident).
The evidence is not too remote under these circumstances. Rather, it is a part of a continuing sequence of behavior. The assessment of Ms. Párente as at risk for depression should something go wrong in her future, specifically a problem in her relationship with her boyfriend, is almost prophetic. This evaluation is only eight months prior to the incident and thus close enough in time to be admissible.
Assuming arguendo that the 1995 records standing alone would be too remote, they become admissible when viewed as a sequence of actions showing Ms. Párente as suicidal. Given the fact that the defense is that Ms. Párente committed suicide, this evidence should not be kept from the jury.[2]
For the foregoing reasons, the defendant’s motion is ALLOWED.

This material is not available from any other source. See Commonwealth v. Bishop, supra at 183, n.9.

Defendant has agreed that any reference to prior sexual abuse or rape of Ms. Párente is not relevant and is to be excluded from this Order.